**LING MIN LIN, Duo Jin, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

Nos. 05–1909–ag(L), 05–1909–ag(con).

United States Court of Appeals, Second Circuit.

Dec. 15, 2006.

Richard Tarzia, Belle Mead, New Jersey, for Petitioner.

Brett T. Tolman, United States Attorney for the District of Utah, Dustin Pead, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, Hon. ROGER J. MINER, Circuit Judges.

## SUMMARY ORDER

Petitioners Ling Min Lin and Duo Jin, both natives and citizens of China, seek review of a March 30, 2005, order of the

BIA denying their motion to remand and affirming the December 3, 2003, decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ling Min Lin*, Nos. A96 260 025, A96 260 026 (B.I.A. Mar. 30, 2005), *aff'g* Nos. A96 260 025, A96 260 026 (Immig. Ct. N.Y. City Dec. 3, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In this case, the BIA fully adopted the IJ's decision with respect to Lin's merits appeal, and, as a result, this Court reviews the IJ's determination that Lin failed to meet her burden of proof. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ The IJ was reasonable in determining that Lin failed to prove a well-founded fear of persecution in China on account of having two children born in the United States. In support of her claim, Lin submitted numerous documents discussing the family planning policy in China. Specifically, Lin submitted affidavits from Dr. John Aird describing how U.S.-born children of Chinese citizens may be viewed under the family planning policy. While Dr. Aird's affidavits offer general evidence about the policy, because the affidavits were not specifically prepared for Lin and are not particularized with regard to her circumstances, their relevance is limited. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir.2006) (rejecting an affidavit from Dr. Aird because it failed to address the petitioner's individual circumstances). Accordingly, the IJ was reasonable in not giving these documents significant weight.

In addition, Lin submitted numerous country reports, including those produced by the U.S. Department of State, but none of these reports demonstrate that the Chinese government sterilizes individuals for having two children born abroad. In addition, the IJ was reasonable in finding that Lin failed to prove that the province in which she lived requires parents to wait more than four years between births. The State Department Report specifically states, "Many provincial regulations require women to wait 4 years or more after their first birth" before applying for a permit for a second child. Since the State Department Report clearly indicates that not all provinces follow a four-year rule, the IJ reasonably rejected Lin's claim because she failed to present any evidence that she is from a province in which that rule is enforced. The numerous other articles Lin submitted in support of her claim only generally addressed enforcement of the policy, and the reports submitted by the government also fail to indicate a policy of sterilization against individuals in Lin's situation.

Thus, substantial evidence in the record supports the agency's determination that

**60**

Lin failed to prove that she may be persecuted under the policy upon her return to China because she had two children born in the United States. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (stating that an applicant's well-founded fear claim based on U.S.-born children was "speculative at best" when he failed to present "solid support" that he would be subject to the family planning policy upon his return to China); *Matter of C–C–*, 23 I. & N. Dec. 899, 901–04 (BIA 2006) (holding that an alien must provide specific evidence that returning Chinese nationals with U.S.-born children will be subject to forced sterilization or other persecution under the family planning policy).

In addition to discussing the objective evidence in the record, the IJ also found that Lin failed to present any corroboration of her neighbor's sterilization. Although we agree with Lin that it was error for the IJ to require this corroboration, we find that this error is harmless in light of the other objective evidence lacking in this case. Since Lin's children were born in the United States, she was not in the same situation as her neighbor; Lin was required to provide specific evidence as to how the Chinese government would treat her U.S-born children under the family planning policy. *See Jian Xing Huang*, 421 F.3d at 129; *Matter of C–C–*, 23 I. & N. Dec. at 901–04. Accordingly, the absence of the support letter from the neighbor was not an essential element of the agency's denial, and remand is not required solely because the IJ erred in addressing this particular corroboration finding.

Because the IJ did not err in finding that Lin failed to meet her burden for asylum, the IJ also did not err in determining that Lin failed to prove eligibility for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir.

1991); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

Lin failed to raise any arguments in her brief challenging the denial of her CAT claim. She also has not challenged the BIA's denial of her motion to remand. Accordingly, these claims should be considered waived. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).